UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 12-00345-01/02/03 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WILLIAM IRAHETA, CHRISTIAN M. GONZALEZ, AND RODOLFO MIRAZ-GARCIA | MAG. JUDGE KAREN L. HAYES |

# RULING

Pending before the Court are motions to suppress [Doc. Nos. 43, 44 & 47] filed by Defendants William Iraheta, ("Iraheta"), Christian Gonzalez ("Gonzalez"), and Rodolfo Miraz-Garcia ("Miraz-Garcia").

On October 27, 2012, Defendants were stopped while traveling in a vehicle on Interstate 20 in Ouachita Parish by Deputy Seth Cox ("Cox") of the Ouachita Parish Sheriff's Office ("OPSO"). Iraheta was the driver, Gonzalez sat in the front passenger seat, and Miraz-Garcia sat in the back seat of the vehicle. Pursuant to the stop and after Iraheta gave consent to search, Cox recovered 6,976 grams of cocaine and 1,331 grams of crystal methamphetamine from a black duffel bag in the trunk of the vehicle. Defendants were later charged in an Indictment with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (Count 1), conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methmphetamine (Count 2), possession with intent to distribute 5 kilograms or more of cocaine (Count 3), and possession with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count 4).

Defendants all filed motions to suppress. After the matter was fully briefed, the Magistrate Judge held an evidentiary hearing on February 13, 2013. During the hearing she took testimony from Cox, Ouachita Parish Sheriff's Deputy James Christopher Honey, and Ouachita Parish Sheriff's Deputy Matthew Waggoner.

Following the hearing, all parties filed post-hearing briefs [Doc. Nos. 65, 66, 67, & 68]. Additionally, the Government filed a Motion to Supplement Record [Doc. No. 69], moving the Court to allow it to file into evidence a thirty-one second communication between a OPSO dispatcher and Cox on October 27, 2012, during which Cox was informed that Iraheta's vehicle registration was suspended, and Cox replied "10-4." On March 18, 2013, the Magistrate Judge granted the Government's motion and ordered that the recording be filed in the record. [Doc. No. 74].

Also on March 18, 2013, the Magistrate Judge issued a Report and Recommendation [Doc. No. 76], recommending that the Court grant the motions and suppress the evidence discovered in the bags in Iraheta's trunk on October 27, 2012. On April 2, 2013, the Government [Doc. No. 81] and Gonzalez [Doc. No. 83] filed objections to the Report and Recommendation. On April 4, 2013, Miraz-Garcia [Doc. No. 86] and Iraheta [Doc. No. 87] filed objections to the Report and Recommendation. On April 8, 2013, Iraheta [Doc. No. 92] and Miraz-Garcia [Doc. No. 93] filed responses to the Government's objections.

Having fully reviewed the record in this matter, including the objections and responses to the Report and Recommendation, the Court finds that the Magistrate Judge has correctly stated and applied the law as it stands under current Fifth Circuit precedent. Accordingly, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation except that the Court finds for the reasons below that Iraheta lacks standing to challenge search of the duffel bag under the

Fourth Amendment and, therefore, his motion to suppress is DENIED. The Court issues this Ruling to address an evidentiary issue raised by Iraheta and two new argument raised by the Government in its objections,

First, Iraheta objects to the Magistrate Judge's March 18, 2013 Order [Doc. No. 74] on the bases that Defendants were not allowed sufficient time to object to the Government's motion, and they were deprived of the opportunity to cross-examine the witnesses regarding this recording. While the Court and the Magistrate Judge try to give all parties time to respond and object to any opposing party's motion, the Magistrate Judge's quick ruling on the motion is not a sufficient reason to set aside her order, particularly in light of the upcoming trial date. Further, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law, and, thus, regardless of Defendants' objections, the motion was properly granted. Accordingly, to the extent that Iraheta appeals or objects to the Magistrate Judge's March 18, 2013 Order, the appeal/objection is DENIED.

The Court now turns to the Government's two new arguments. Before proceeding to the merits of these arguments, the Court takes note that the Government has more than once waited until the filing of objections to the Report and Recommendation to raise entirely new arguments. The purpose of briefing and the evidentiary hearing is to allow the Magistrate Judge to prepare a fully informed report and recommendation to this Court. The Magistrate Judge cannot fulfill her duty when the Government fails to make all its arguments prior to the evidentiary hearing and waits until time for filing objections to the Report and Recommendation. The Government likewise deprives itself, opposing counsel, and the Magistrate Judge of the opportunity to address these issues fully before the issuance of the Report and Recommendation. Nevertheless, given the importance of the pending motions, the Court will review and consider the Government's

new arguments.

First, the Government raises the argument that the inevitable discovery doctrine would permit the introduction of the drugs discovered in a duffel bag in Iraheta's trunk for two reasons: (1) since there was no licensed driver in the vehicle and the vehicle registration had been suspended, the deputies could have arrested Iraheta and impounded the vehicle; or (2) the deputies had called for a K-9 unit to assist, and the dog would have alerted, thus permitting the deputies to conduct a search and discover the drugs.

"The inevitable discovery rule applies if the Government demonstrates by a preponderance of the evidence that (1) there is a reasonable probability that the contested evidence would have been discovered by lawful means in the absence of police misconduct and (2) the Government was actively pursuing a substantial alternate line of investigation at the time of the constitutional violation."[1] *United States v. Jackson*, 596 F.3d 236, 240-41 (5th Cir. 2010) (citing *United States v. Lamas*, 930 F.2d 1099, 1102 (5th Cir. 1991)); *see also United States v. Zavala*, 541 F.3d 562, 579 (5th Cir. 2008). However, the Court finds that there is insufficient record evidence to support application of this doctrine. Although it is possible that one of the deputies might arrest someone for driving without a valid license and in a vehicle which has a suspended registration, Cox testified that he would normally issued a citation. A citation certainly would not have required that the vehicle be impounded, and, thus, there is no reasonable probability the drugs would have been discovered.

Additionally, it is possible that a K-9 unit might have arrived, and the dog might have

---

[1] The Fifth Circuit in *Jackson* questioned, but refused to "address the continuing vitality of the active-pursuit element, as an ongoing grand jury investigation that has already led to an indictment would clearly satisfy it." 596 F.3d at 242.

alerted on the vehicle, providing probable cause to search.  The record is not sufficiently developed to support this argument either.  There is no evidence in the record that the K-9 unit was on the way, how long it would have taken to arrive, if the continued detention would have been reasonable at the point the K-9 arrived, and if the dog were reliable, even assuming that the dog would have alerted on the vehicle.  Thus, there is insufficient evidence to support application of the inevitable discovery doctrine.

The Government also argues that Defendants lack standing to pursue the suppression motions.  In a footnote in the Report and Recommendation, the Magistrate Judge pointed out that a person's standing to raise a Fourth Amendment challenge depends on whether that person had a legitimate expectation of privacy in the item searched (i.e., the duffel bag), but noted that the Government had apparently waived this argument.  In its objections, the Government cites *United States v. Crain*, 33 F.3d 480 (5th ir. 1994), which provides that the non-owner driver of an automobile has authority to consent to a search of the vehicle even over the objection of a non-owner passenger who enjoyed a greater possessory interest in the vehicle.  The Government argues that the Court should consider *Crain* in light of Judge Barksdale's dissent to the Fifth Circuit's denial of en banc re-hearing in *Jaras*, where he stated that a consent to search includes a general consent to the vehicle and its contents, including containers.  *See United States v. Jaras*, 96 F.3d 764, 765 (5th Cir. 1996) (denial of *en banc* rehearing).  Considered together, the Government contends that none of the Defendants have a legitimate expectation of privacy in their luggage.

Whether a defendant has "standing" to contest the validity of a search and seizure under the Fourth Amendment turns upon whether the defendant had the "requisite reasonable expectation of privacy." *United States v. Kye Soo Lee*, 898 F.2d 1034, 1037-38 (5th Cir. 1990)

5

(The two-pronged inquiry requires an analysis of whether the defendant had an "actual, subjective expectation of privacy" and whether that expectation of privacy was recognized by society as "reasonable."). The Fifth Circuit has instructed in *Jaras* that persons in a vehicle have a "reasonable expectation of privacy with respect to the contents of suitcases." *Jaras*, 86 F.3d at 389; *see also United States v. Lovell*, 849 F.2d 910 (5th Cir. 1988); *Bond v. United States*, 529 U.S. 334, 336-37 (2000) ( "A traveler's personal luggage is clearly an 'effect' protected by the [Fourth] Amendment"). Further, there was no evidence that the luggage or duffel bags in the trunk of Iraheta's vehicle were unclaimed or abandoned. *Cf. United States v. Johnson*, 2008 WL 3876550 at *4 (5th Cir. 2008)("This court has held that a defendant who abandons or disclaims ownership of a suitcase has no legitimate expectation of privacy in that suitcase or its contents and, therefore, cannot challenge a search of that suitcase."). Thus, all Defendants had a recognized privacy interest in the luggage in the trunk of the vehicle.

Assuming that the Government did not waive the issue of standing,[2] the Fourth Amendment argument is properly before the Court. Iraheta disclaims ownership of the duffel bag and lacks standing to challenge the search of his Co-Defendants' luggage. Thus, having rejected the other bases for suppression contained in his motion, Iraheta's motion to suppress must be DENIED. However, both Co-Defendants have a legitimate expectation of privacy in

---

[2]Certainly, if the Government had failed to object to procedural issues prior to issuance of the Report and Recommendation, then the issue would be waived. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853 (5th Cir. 1991). Additionally, it is clear that the Government may waive a standing argument. *See United States v. Brown*, 91 F.3d 140 (5th Cir. 1996) ("The government does not question [the driver's,] Brown's[,] standing to challenge the search of his passenger's purse, and thereby waives what would appear to be a determinative issue."). Nevertheless, since this is an issue of substantive, rather than procedural, law, it would appear that by raising the issue in the objections, albeit not a practice favored by the Court, the Government has preserved the issue. *See T.B. ex rel. Debbra B. v. Bryan Independent School Dist.*, 628 F.3d 240 (5th Cir. 2010).

their luggage, and neither of them gave consent to search.[3] Thus, the Fourth Amendment issue has been properly raised. This is a joint trial; therefore, as long as the search was illegal, then the evidence is suppressed and cannot be introduced.

Therefore, for the reasons stated in this Ruling and those additional reasons in the Report and Recommendation of the Magistrate Judge, to the extent adopted by the Court, Iraheta's motion to suppress [Doc. No. 43] is DENIED. Gonzalez's and Miraz-Garcia's motions to suppress [Doc. Nos. 44 & 47] are GRANTED, and the evidence discovered in the bags in Iraheta's trunk on October 27, 2012, is SUPPRESSED. The appeal or objection to the Magistrate Judge's March 18, 2013 Order [Doc. No. 74] raised in Iraheta's Objections [Doc. No. 79] is DENIED, and the Order is AFFIRMED.

MONROE, LOUISIANA, this 11th day of April, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[3] In his affidavit supporting the Complaint [Doc. No. 1], Drug Enforcement Agency Agent Daryl Cowan avers that Miraz-Garcia originally claimed the duffel bag containing the drugs belonged to Gonzalez, but when Gonzalez and Miraz-Garcia were placed in a room together, Miraz-Garcia then recanted and said he did not know to whom the bag belonged.